IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IQVIA INC., a Delaware corporation, 1 IMS Drive, Plymouth Meeting, PA 19462,<br><br>          Plaintiff,<br><br>vs.<br><br>MANSOOR KHAN, an individual resident of Montgomery County, 2427 Michigan Ave, Silver Spring, MD 20910, and<br><br>VEEVA SYSTEMS INC., a Delaware corporation, headquartered at 4280 Hacienda Dr., Pleasanton, CA 94588,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. |

## COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff IQVIA Inc. ("IQVIA"), for its Complaint, alleges as follows:

### NATURE OF THE ACTION

1.     This action arises from Veeva Systems Inc.'s ("Veeva") systematic and

intentional violation of its competitors' employee confidentiality and non-compete agreements

— all as a means to recruit talent and secure confidential information from its competitors.

2.      Veeva contends that because, in Veeva's home state of California, such non-compete agreements are unenforceable and such confidentiality agreements are of limited enforceability, they are unenforceable anywhere else.

3.      Veeva is a software and services company with headquarters in Pleasanton, California, and offices in locations throughout the United States and in many foreign countries. Veeva nonetheless contends that its U.S.-based employees, regardless of where they actually live and work, are all California employees by virtue of their employment with Veeva.

4.      Veeva has effectively adopted a nationwide manifesto against its competitors' employee non-competition agreements and "overly broad" confidentiality agreements, declaring them an outdated business practice with no valid purpose.

5.      Veeva actively encourages its competitors' employees, wherever located, to "break the cycle" by breaching those agreements and accepting employment with Veeva.  Veeva then promises to defend those employees from attempts to enforce non-compete agreements in any and all jurisdictions.

6.      Veeva identifies Plaintiff IQVIA Inc. as a direct competitor in the business for various market research services, technology applications and business services principally relating to the life sciences industry.   Veeva therefore regards IQVIA as fertile ground for recruiting talent and securing confidential competitive information — and has repeatedly plowed those fields including, most recently, by hiring defendant Mansoor Khan ("Mr. Khan").

7.      Veeva recently hired Mr. Khan directly from IQVIA, during the term of his non-compete covenant.  Before joining Veeva, Mr. Khan was an IQVIA Senior Consultant, privy to detailed confidential information about the metrics and methodologies IQVIA uses, and how it

4813-1921-0414.v1

implements them to accurately measure the success of, and to optimize, marketing campaigns for clients.

8.      Veeva attempts to justify its tortious interference with IQVIA's employment contracts with individuals like Mr. Khan, who live and work outside California, by contending that IQVIA's confidentiality and non-competition agreements are all unlawful in California. Veeva argues that, the moment Veeva hires a new recruit from IQVIA, no matter where that recruit is located, the individual's employment contract with IQVIA becomes unenforceable anywhere in the United States, simply because Veeva, as the new employer, is headquartered in California.

9.      Veeva thus contends that IQVIA's confidentiality and non-compete agreements are unenforceable nationwide.  It further contends that any attempt by IQVIA to enforce its own contracts – in any state – subjects IQVIA to liability in California.  And, to drive home that point, Veeva has sued IQVIA, as well as two other Veeva competitors, in California, to collect on that supposed liability.

10.     In July 2017, Veeva sued IQVIA in California state court, alleging that IQVIA's use of confidentiality and non-competition agreements with non-California residents is *per se* unlawful (the "California Litigation").  While the California trial court properly dismissed Veeva's claim, the Court of Appeal recently reversed that dismissal, permitting Veeva's claims in that suit to proceed.

11.     Accordingly, any time IQVIA now seeks to enforce its valid confidentiality or non-competition agreement in a state where such agreements are lawful, against residents of those other states, it faces the very real prospect of a suit by Veeva in California.

4813-1921-0414.v1

12.     Veeva is thus attempting to extend California law outside its boundaries to create a nationwide ban on the use or enforcement of employee confidentiality and non-competition agreements whenever Veeva is the new employer.  It seeks to replace the policy of every other state with that of California, merely because Veeva itself is headquartered there.

13.     Left unchecked, Veeva will wrongfully achieve for itself, and, by extension, for any other California-based company, a nationwide *per se* rule against confidentiality and non-competition agreements.

14.     The latest installment of Veeva's campaign includes the October 2019 hire of Mansoor Khan, a Maryland resident, in derogation of Mr. Khan's Confidentiality & Policy Agreement with IQVIA.  That agreement, which contains no choice of law provision, prohibits him from working for a competitor for one year, and it carefully constrains Mr. Khan's ability to share IQVIA's confidential information with others.  IQVIA shared its confidential information with Mr. Khan in direct reliance on the protections afforded by his Agreement — an Agreement Mr. Khan executed years before Veeva recruited him.

15.     IQVIA seeks to enforce its Confidentiality & Policy Agreement against Mr. Khan, who should not be working for Veeva at all.  And, at the very least, Mr. Khan must be prohibited from breaching his confidentiality obligations, before irreparable injury results from his breach of that Agreement.

16.     IQVIA therefore now seeks a declaration that California law does not govern the enforcement of its confidentiality and non-compete agreements with Mr. Khan, that Maryland law governs instead (in the absence of any choice-of-law provision in the Confidentiality & Policy Agreement with Mr. Khan), and that Veeva's attempt to extend California law nationwide

4813-1921-0414.v1

to employees not even located in California necessarily violates the Commerce Clause of the United States Constitution.

## THE PARTIES

17.     Plaintiff IQVIA, formerly known as QuintilesIMS Incorporated, is a corporation organized under and existing under the laws of the state of Delaware.  IQVIA provides advanced analytics, consulting and other business services, technology solutions, and contract research services to the life sciences industry.

18.     Upon information and belief, Defendant Veeva is a Delaware corporation with its headquarters in California.  Veeva has numerous offices in other states, and employs many employees like Mr. Khan, who live and work in other states, including Maryland.  Veeva provides technology solutions, data services, and consulting and other business services to the life sciences industry.

19.     Veeva identifies IQVIA as a competitor in the business for various market research services, technology applications and business services primarily relating to the life sciences industry.

20.     Defendant Khan was employed by IQVIA as a Senior Consultant in its Digital Media and Customer Insights group from September 25, 2017, until October 11, 2019, when he resigned in order to join Veeva, upon information and belief, on or about October 14, 2019.  Upon information and belief, Mr. Khan has continuously resided in Silver Spring, Maryland since January of 2019.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction under Article III and 28 U.S.C.A. § 1331 because Count 1 of the Complaint asks this Court, pursuant to 28 U.S.C.A. §§ 2201 and

4813-1921-0414.v1

2202 (declaratory judgment), to interpret and apply the Commerce Clause of the United States Constitution.

22.     Plaintiff seeks a judgment declaring that application of California law to the use or enforcement of confidentiality and non-competition agreements entered into and existing between IQVIA and employees who reside and actually work in states other than California, including Mr. Khan, is unconstitutional.

23.     An actual case and controversy has arisen and now exists because Veeva contends that IQVIA's use of non-competition and confidentiality agreements with employees who are not residents of California, and who do not actually work in California, still subjects IQVIA to liability under California's Unfair Competition Law, in violation of the Commerce Clause.

24.     An actual case and controversy has also arisen and now exists because IQVIA contends that the validity and enforceability of its non-competition and confidentiality agreements, including Mr. Khan's, must be decided under the law of the state where the employee actually works and/or resides, and that enforcement of Mr. Khan's agreements under the law of the state of Maryland is entirely proper.  Veeva, in contrast, disregards those agreements executed with prior employers before those employees joined Veeva.  Veeva contends, in violation of the Commerce Clause, that IQVIA's use of confidentiality and non-competition agreements against Veeva employees violates California law, even when those employees, including Mr. Khan, reside and actually work outside of California.

25.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the parallel claims for breach of contract and tortious interference with contract asserted in Counts 2 and 3 of the Complaint because they arise out of the same case and controversy as Count 1.

4813-1921-0414.v1

26.     Upon information and belief, Defendant Veeva regularly transacts business in the state of Maryland through, among others, its employees who reside there, including Mr. Khan.

27.     This Court has personal jurisdiction over the defendants pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-102(a); 6-103(b).

28.     Venue is appropriate in this judicial district, pursuant to 28 U.S.C.A. § 1391(b)(1), in that both defendants are residents of this district within the meaning of § 1391(c) and (d), and pursuant to § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

### Mr. Khan's Employment with IQVIA

29.     From September 25, 2017, until October 11, 2019, Mr. Khan worked for IQVIA as a Senior Consultant in its Digital Media and Customer Insights group.

30.     The Senior Consultant position typically requires eight to twelve years of prior consulting experience and at least four to eight years of experience in analytics.  In addition to technical knowledge and experience, a Senior Consultant like Mr. Khan must also be able to take the lead on projects, coach other members of his team, and manage client relationships.

31.     As a Senior Consultant, Mr. Khan acquired extensive knowledge of IQVIA's trade secrets and confidential information related to its offerings and clients, including confidential client data.

32.     Mr. Khan was required, for example, to interpret and analyze the output of IQVIA's platforms for clients.  To perform this task, he was exposed to, and trained in, the confidential metrics and methodologies used by IQVIA to create deliverables for clients.  He acquired a deep understanding of the data and methodologies used to measure the success of, and

4813-1921-0414.v1

to optimize, a marketing campaign.  He understands each step in the proprietary process IQVIA

uses to produce accurate recommendations on effective marketing strategies.

33.     The confidential information Mr. Kahn acquired from IQVIA is more than

sufficient to enable Veeva or other competitors to recreate IQVIA's offerings end-to-end and to

improve and enhance components of that competitor's existing offerings.

34.     IQVIA therefore requires its Senior Consultants (among other employees):  (1) to

agree not to disclose such confidential information to others or to use it for their personal benefit;

and (2) to agree not to work for a competitor within a twelve-month period (if employed by

IQVIA for ninety days or more) or a six-month period (if employed by IQVIA for fewer than

ninety days) after leaving IQVIA's employ.

**Mr. Khan's Agreement to Safeguard Confidential Information and Not to Compete**

35.     On or about September 1, 2017, IQVIA made an offer of employment to Mr.

Khan. That offer was contingent upon Mr. Khan's agreement to the terms of an enclosed

Confidentiality & Policy Agreement; Mr. Khan's acknowledgement of and agreement to the

terms of an enclosed Third Party Confidential Information Notice; and the absence of any

existing restrictions which would prohibit Mr. Khan from accepting the offer, or which would,

by working for IQVIA, infringe the rights of others.

36.     Mr. Khan signed his offer letter, indicating his acceptance of its terms, as stated.

A signed copy of the offer letter is attached hereto as "**Exhibit A**," and is incorporated herein by

reference.

37.     On or about September 7, 2017, Mr. Kahn also signed and returned the "Notice to

New Employees Regarding Third Party Confidential Information," confirming that he had read

4813-1921-0414.v1

and understood the Notice and agreed to comply with its terms.  A signed copy of that Notice is attached hereto as "**Exhibit B**," and is incorporated herein by reference.

38.     Mr. Khan also signed and returned the Confidentiality & Policy Agreement on or about September 7, 2017.  A signed copy of the Confidentiality & Policy Agreement is attached hereto as "**Exhibit C**," and is incorporated by reference herein.

39.     Under the Confidentiality & Policy Agreement, Mr. Khan expressly agreed not to use Plaintiff's confidential information for his own personal benefit and agreed not to disclose confidential information except as authorized.  He also agreed to make every reasonable effort to protect IQVIA's confidential information and to ensure its confidentiality and integrity.  Mr. Khan further agreed to return or destroy IQVIA's materials, without retaining copies, upon leaving Plaintiff's employ, as directed by IQVIA.

40.     Mr. Khan represented under the Confidentiality & Policy Agreement that his employment with IQVIA would not result in a breach of any agreement between him and a third party.  He also agreed to the non-compete covenant for the term of his employment and for a twelve-month period following the termination of his employment, within the United States and Canada, unless he first obtained Plaintiff's written consent (or unless he worked for Plaintiff for fewer than ninety days, in which case the non-compete period would only survive for a six-month period following termination of his employment).

41.     Mr. Khan further acknowledged and agreed that any breach of the Confidentiality & Policy Agreement would cause IQVIA irreparable injury and damage which may not be compensable by money damages, and agreed that IQVIA would be entitled to injunctive relief to prevent a breach or to secure its enforcement, in addition to any other remedies available.

4813-1921-0414.v1

**Mr. Khan's Recruitment by Veeva**

42.    Consistent with its public declaration that it will hire anyone irrespective of the existence of a non-compete agreement, Veeva extended an offer of employment to Mr. Khan while Mr. Khan was employed by IQVIA.

43.    Upon information and belief, Veeva knew at the time that Mr. Khan's Confidentiality & Policy Agreement (1) prohibited him from accepting employment with Veeva within the United States or Canada for a twelve-month period following the termination of his employment with IQVIA, and (2) also prohibited him from disclosing confidential information to Veeva.  Indeed, in the California Litigation, Veeva previously alleged that IQVIA requires "all its employees to enter into a standard 'Confidentiality & Policy Agreement'" containing confidentiality and non-competition provisions.

44.    Mr. Khan informed his supervisor on or around September 30, 2019, that he intended to resign and that his last day of work would be October 11, 2019.  On or before his last day, he informed his supervisor that he was going to work for Veeva.

45.    Mr. Khan's last day of employment with Plaintiff was October 11, 2019, and, upon information and belief, he began working for Veeva on October 14, 2019.

46.    Veeva broadly maintains that it is entitled to ignore the existence of confidentiality and non-compete provisions like Mr. Khan's on the grounds that such provisions are unlawful in California, and therefore unenforceable in any state, once the employee is subsequently hired by a California-based employer, like Veeva.

47.    Veeva further maintains that any attempt by IQVIA to enforce its contractual rights in any state will subject Plaintiff to liability to Veeva in California.

4813-1921-0414.v1

## COUNT I

### (Declaratory Relief – Commerce Clause)

48.     Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1-47.

49.     Veeva maintains that it will not allow any non-compete agreement to prevent it from hiring employees, including IQVIA employees, nor will it honor any confidentiality obligations that it believes to be broader than those permitted by California law.

50.     Veeva not only encourages employees, including IQVIA employees, to violate their restrictive covenants, it also promises to defend those employees against attempts to enforce those contracts — even if the restrictive covenants are lawful and enforceable under the laws of the state where the employee resides or actually works.

51.     Veeva's website expressly urges employees to "[b]reak the cycle" of non-competes and cajoles them not to "let the threat of a lawsuit derail [their] career."  It says that "[m]ost companies don't take things that far," but if they do, Veeva promises to "defend [them] against attempts to enforce [their] existing non-compete[s]."

52.     Veeva thus contends that any non-compete provision, entered into anywhere, even by employees who do not live or actually work in California, is void and unlawful once the employee is hired by an employer based in California, like Veeva.

53.     Veeva likewise contends that the lawfulness of an employee's prior confidentiality agreement must be determined exclusively under California law, even if the employee neither lives nor actually works in California, once the employee is subsequently hired by an employer based in California, like Veeva.  Indeed, Veeva maintains that "all of its U.S.-based employees, regardless of their place of residence, are employed in California."

4813-1921-0414.v1

54.     Veeva also maintains that any attempt by a former employer, like IQVIA, to enforce the terms of confidentiality or non-compete agreements in a state where it is lawful subjects that former employer to liability in California once the former employee is employed by a California-based employer, like Veeva.

55.     In service of its crusade against its competitors' confidentiality and non-competition agreements in other states, in 2017, Veeva filed the California Litigation against three of its competitors, including IQVIA.

56.     Veeva alleges that IQVIA is liable to Veeva for violation of California's Unfair Competition Law for its use of confidentiality and non-competition agreements in employment contracts with non-California residents.

57.     The trial court in the California Litigation initially sustained IQVIA's demurrer to this claim, but the Court of Appeal thereafter reversed, concluding that Veeva did adequately plead a claim against IQVIA under California's Unfair Competition Law.

58.     Veeva's campaign to undermine the protection of its competitors' confidential information thus now proceeds on two fronts.  First, Veeva recruits and hires employees in derogation of their contractual obligations by pronouncing those contracts unenforceable in any state; and second, it sues competitors like IQVIA in California if they seek to enforce their contractual rights.

59.     IQVIA is thus left with no choice other than to allow its former employees to breach their confidentiality and non-compete agreements with impunity, or to subject itself to liability in California whenever it seeks to enforce agreements otherwise valid under the law of the state where those employees reside and/or actually work.

4813-1921-0414.v1

60.     An actual case and controversy has also arisen and now exists because Veeva contends that IQVIA's use and enforcement of confidentiality and non-competition agreements with its employees who neither reside nor actually work in California, including Mr. Khan, violates California law, and Veeva therefore disregards those agreements, whereas IQVIA contends that the validity and enforceability of those agreements, including Mr. Khan's, must be decided under the law of the state where the former employee resides and/or actually works.

61.     An actual case and controversy has also arisen and now exists in that Veeva broadly contends that IQVIA's use of non-competition and confidentiality agreements with employees who neither reside nor actually work in California subjects IQVIA to liability under California's Unfair Competition Law, in violation of the Commerce Clause of the United States Constitution.

62.     Plaintiff seeks a judgment declaring that the application of California law to the use or enforcement of confidentiality and non-competition agreements entered into and existing between IQVIA and employees who neither reside nor actually work in California is unconstitutional, and unconstitutional as applied here.

63.     A declaratory judgment in this matter would terminate, and afford relief from, the uncertainty, cost, disruption, conflict, and controversy giving rise to this proceeding and prevent a similar situation from arising in the future.

64.     This matter is most properly resolved through a declaratory judgment issued by this Court.  The matter involves important federal and state law questions of whether California law on non-competition and employee confidentiality agreements governs nationwide, and whether a California-based employer like Veeva can ignore and invalidate previously entered

contracts in California's sister states where the contracts are valid and enforceable, simply because Veeva is based in California.

## COUNT II

### (Breach of Contract by Mr. Khan)

65.     Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1-64.

66.     On or about September 7, 2017, Mr. Khan entered into a written employment agreement with IQVIA in which he agreed to be bound by IQVIA's Confidentiality & Policy Agreement.  Copies of Mr. Khan's signed offer letter and signed Confidentiality & Policy Agreement are attached hereto as **Exhibits A and C**, respectively, and incorporated herein by reference.

67.     Mr. Khan worked for IQVIA for two years, until October 11, 2019, when he resigned in order to accept a position with IQVIA's competitor, Veeva.

68.     Upon information and belief, Mr. Khan began his employment for Veeva on October 14, 2019.

69.     Mr. Khan neither sought, nor obtained, consent to his employment by Veeva from IQVIA.

70.     Mr. Khan's employment by Veeva violates the non-competition provision set forth in the Confidentiality & Policy Agreement.

71.     Upon information and belief, Mr. Khan's continued employment by Veeva will result in the inevitable disclosure of Plaintiff's trade secrets and confidential information to which Mr. Khan was privy, in violation of the Confidentiality & Policy Agreement.

4813-1921-0414.v1

72.     IQVIA has performed all the conditions, covenants, promises, and agreements required of it under the terms of the contract.

73.     Because of Mr. Khan's breach and anticipated future breaches, IQVIA has suffered and will continue to suffer irreparable injury, together with damages in an amount to be determined at trial.

**COUNT III**

**(Tortious Interference with Contract by Veeva)**

74.     Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1-73.

75.     Veeva encourages its recruits and employees to breach their confidentiality and non-compete agreements with former employers like IQVIA.

76.     Veeva promises to defend those employees from actions to enforce their contractual obligations.

77.     Upon information and belief, Veeva made an offer of employment to IQVIA's employee, Mr. Khan, in or around September 2019.

78.     Upon information and belief, Veeva was aware that Mr. Khan was restricted from working for Veeva under the terms of the Confidentiality & Policy Agreement that was part of Mr. Khan's employment contract with IQVIA.

79.     Veeva intentionally, willfully, and with malice induced Mr. Khan to leave IQVIA's employ on or about October 11, 2019, knowing that Mr. Khan's employment by Veeva was prohibited by his employment contract with IQVIA.

80.     Upon information and belief, Mr. Khan became Veeva's employee on or around October 14, 2019, in breach of the Confidentiality & Policy Agreement.

4813-1921-0414.v1

81.     Upon information and belief, Mr. Khan has already used or inevitably will use at, or disclose to, Veeva, trade secrets and confidential information that he acquired while employed by IQVIA, in violation of the Confidentiality & Policy Agreement.

82.     Upon information and belief, Veeva was and is aware that this disclosure was inevitable or likely.

83.     Because of Veeva's tortious interference with IQVIA's contract with Mr. Khan, IQVIA has suffered and will continue to suffer irreparable injury, together with damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff IQVIA Inc. prays:

### Relief as to All Defendants

84.     For a declaration that California law does not govern the validity or enforceability of non-compete agreements or confidentiality agreements of employees who neither reside, nor actually work, in California.

85.     For a declaration that it is unconstitutional, and unconstitutional as applied here, to enforce California law, including Business & Professions Code Sections 16600, 16700 et seq. and 17200 et seq., against IQVIA as a consequence of IQVIA's use or enforcement of employee confidentiality and non-compete agreements against non-California residents or workers, including Mr. Khan.

86.     For a declaration that Mr. Khan's Confidentiality & Policy Agreement is valid and enforceable under Maryland law.

4813-1921-0414.v1

**Relief as to Khan**

87.     For a declaration that Mr. Khan has breached the Confidentiality & Policy Agreement.

88.     For an order enjoining Mr. Khan from working for IQVIA's competitors, including Veeva, without IQVIA's prior written consent, for the remainder of the term of his non-competition provision.

89.     For an injunction ordering Mr. Khan to honor his contractual obligation to comply with the restrictions on use or disclosure of confidential information set forth in the Confidentiality & Policy Agreement.

**Relief as to Veeva**

90.     For a declaration that Veeva tortiously interfered with IQVIA's contract with Mr. Khan.

91.     For an order enjoining Veeva from employing Mr. Khan during the term of his non-competition agreement.

92.     For an order prohibiting Veeva from using or retaining any confidential information acquired from Khan.

**Relief as to All Defendants**

93.     For general damages according to proof, with interest at the legal rate on such amount awarded as allowed by law.

94.     For special damages according to proof, with interest at the legal rate on such amount awarded as allowed by law.

95.     For such costs and attorneys' fees to which IQVIA may be entitled by law.

4813-1921-0414.v1

96.    For such other, further or different relief as this Court may deem just and proper.


Dated:  December 3, 2019                    Pillsbury Winthrop Shaw Pittman LLP


                                            /s/ Deborah B. Baum
                                            _____

                            By:     Deborah B. Baum (#05694)
                                    deborah.baum@pillsburylaw.com
                                    David C. Grossman
                                    david.grossman@pillsburylaw.com
                                    1200 Seventeenth Street, NW
                                    Washington, DC 20036
                                    Telephone:  202.663.8000
                                    Fax:  202.663.8007

                                    Attorneys for Plaintiff IQVIA Inc.

4813-1921-0414.v1