```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| IQVIA INC. | : |   |
|   | : |   |
| v. | : | Civil Action No. DKC 19-3462 |
|   | : |   |
| MANSOOR KHAN, et al. | : |   |
|   | : |   |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this diversity breach of employment contract/non-compete and tortious interference case is the question of this court's subject matter jurisdiction. For the following reasons, the case will be dismissed.

**I. Background**

Plaintiff, Iqvia, Inc., filed a three-count complaint against Veeva Systems, Inc., and Mansoor Khan, after Mr. Khan, who had worked for Iqvia, went to work for Veeva Systems. Plaintiff claims that Mr. Khan breached the confidentiality and non-compete provisions in his employment agreement. It also claims that Veeva Systems tortiously interfered with that contract by employing Mr. Khan. It predicts that Veeva Systems will assert that California law permits it to employ Mr. Khan regardless of the Iqvia employment agreement. Plaintiff seeks a declaration that "California law does not govern the enforcement of its confidentiality and non-compete agreements with Mr. Khan, that

Maryland law governs instead (in the absence of any choice-of-law provision in the Confidentiality & Policy Agreement with Mr. Khan), and that Veeva's attempt to extend California law nationwide to employees not even located in California necessarily violates the Commerce Clause of the United States Constitution." Plaintiff seeks "a judgment declaring that the application of California law to the use or enforcement of confidentiality and non-competition agreements entered into and existing between IQVIA and employees who neither reside nor actually work in California is unconstitutional, and unconstitutional as applied here."

The asserted basis for jurisdiction is "under Article III and 28 U.S.C. § 1331 because Count 1 of the Complaint asks this court, pursuant to 28 U.S.C.A. §§ 2201 and 2202 (declaratory judgment), to interpret and apply the Commerce Clause of the United States Constitution." (ECF No. 1, at 5-6). Counts two (breach of contract by Mr. Khan) and three (tortious interference with contract by Veeva) are state law claims, but there is no diversity jurisdiction. Accordingly, if the declaratory judgment claim in count I fails to fall within this court's federal question jurisdiction, the case must be dismissed.

**II. Standard of Review**

The party asserting jurisdiction has the burden to demonstrate that it exists. One basis for original subject matter jurisdiction is pursuant to 28 U.S.C. § 1331 over a civil action

"arising under the Constitution, laws or treaties of the United States." Federal question jurisdiction will lie over a state law claim if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

In *Shore Bank v. Harvard*, 934 F.Supp.2d 827, 833 (E.D.Va. 2013), Judge Mark S. Davis, described how the jurisdictional analysis proceeds in a declaratory judgment action:

> The Declaratory Judgment Act ("Act") provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon filing of an appropriate pleading, may declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The United States Court of Appeals for the Fourth Circuit has set forth three essential requirements that must be met before a federal court may properly exercise jurisdiction over a declaratory judgment action:
>
> (1) the complaint [must] allege[ ] an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) the court [must] possess [ ] an independent basis for jurisdiction over the parties (*e.g.*, federal question or diversity jurisdiction); and (3) the court [must] not abuse its discretion in its exercise of jurisdiction. *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004).

3

*Shorebank*, 934 F.Supp.2d at 833 (citing *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004).

**III. Analysis**

In this case, Plaintiff asserts that federal question jurisdiction provides an independent basis for jurisdiction. It asserts that a commerce clause issue is necessarily involved in resolution of its otherwise state law based breach of contract and tortious interference claims.[1]

By reciting Veeva's stated belief that its operations are governed by California law which would invalidate the relevant provisions of the employment agreement, Iqvia anticipates a defense that might be asserted. It then states that its own response to that defense is to assert that, assuming that California law otherwise would apply, such application violates the Commerce Clause. This several step analysis reveals that the complaint, on its face, fails to state a federal question:

> In a declaratory judgment action, the well-pleaded complaint rule "operates no differently" when the declaratory judgment plaintiff is alleging an affirmative claim

---

[1] It is questionable whether plaintiff properly asserts a declaratory judgment claim. When a party brings a claim directly, such as the breach of contract and tortious interference claims in counts two and three, there is no need for a declaratory judgment action. *John M. Floyd & Associates v. Howard Bank*, 2019 WL 1755968 *4 (D.Md. April 18, 2019); *Metra Industries, Inc. v. Rivanna Water & Sewer Authority*, 2014 WL 652253 *2 (W.D. Va. February 19, 2014) (analyzing when declaratory judgment claim is merely duplicative of state law claim.)

> arising under federal law against the declaratory judgment defendant. [*Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001)]. But, absent such a claim, the jurisdictional inquiry shifts from the face of the declaratory judgment plaintiff's well-pleaded complaint to the nature of the coercive action that would have been brought absent the availability of declaratory relief. See 13D C.A. Wright et al., Federal Practice and Procedure § 3566, at 275-76 (3d ed. 2008); see also *Columbia Gas*, 237 F.3d at 370. In such a case, "the proper jurisdictional question is whether the complaint alleges a claim arising under federal law that the declaratory judgment defendant could affirmatively bring against the declaratory judgment plaintiff." *Columbia Gas*, 237 F.3d at 370; see also *Franchise Tax Bd.* [*v. Constr. Laborers Vacation Trust*], 463 U.S. [1 (1983)] at 19 & n. 19, 103 S.Ct. 2841.

*Shore Bank*, 934 F.Supp.2d at 834. In *Franchise Tax Bd.*, 463 U.S. at 10, the Court wrote that "a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, *Taylor v. Anderson* [234 U.S. 74 (1914)]; *Louisville & Nashville R. Co. v. Mottley*, [211 U.S. 149 (1908)]."

Plaintiff cites to *Townes Telecommunications, Inc. v. National Telecommunications Cooperative Association*, 391 F.Supp.3d 585, 590 (E.D.Va. 2019), a removal action, as an example of a case where arising under jurisdiction applies to a state law cause of action. "A federal issue is necessarily raised where 'every legal theory supporting the claim requires resolution of a federal

5

issue.' *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)." There, plaintiffs claimed that the specifications regarding withdrawal from a pension plan were unenforceable under Virginia law because imposition of the withdrawal liability violates ERISA (federal law.) The court observed that "plaintiffs cannot succeed on this claim without resolving whether imposition of the withdrawal liability violates ERISA." Here, in contrast, plaintiff certainly does not contend that enforcing its contract with Mr. Khan violates federal law. Instead, Plaintiff expects defendants to contend that enforcing the contract would violate California law, and then plaintiff will contend that to apply California law would violate the Commerce Clause. The weakness in that argument is that Plaintiff can prevail if California law does not apply. Then there is simply a state law question of whether the actions of the defendants violated Maryland law. No commerce clause issue arises. Accordingly, Plaintiff fails to satisfy the test for federal question jurisdiction. Accordingly, the case must be dismissed.

**IV. Conclusion**

For the foregoing reasons, this court lacks subject matter jurisdiction and must dismiss. A separate order will follow.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge